UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENERAL ELECTRIC COMPANY,<br>*Plaintiff,*<br>v.<br>SUNTRUST BANKS, INC.,<br>*Defendant.* | Civil No. 3:16cv379 (JBA)<br><br>July 19, 2016 |

**RULING GRANTING MOTION TO DISMISS**

Plaintiff General Electric Company ("GE") brought this suit against Defendant SunTrust Banks, Inc. ("SunTrust") in state court, seeking indemnification from Defendant for its economic losses and costs incurred in defending GE against an action brought by John Osborne. (*See* Compl. [Doc. # 1-1] ¶¶ 3, 15.) Defendant subsequently removed this case [Doc. # 1] to this Court. Defendant now moves [Doc. # 20] to dismiss the case for lack of personal jurisdiction.[1] Plaintiff has failed to oppose the motion. For the following reasons, Defendant's motion is granted.

**I.    Facts Alleged**

Plaintiff alleges the following facts, as relevant to this motion, in its complaint. Defendant is a Georgia corporation (with its principal place of business in Georgia), which "provid[es] various services relating to securities transactions, including providing signature guarantees for stock certificate transfers known as a 'medallion signature

---

[1] Defendant alternatively seeks dismissal on the grounds that the complaint fails to state a claim for common law indemnification. However, because the Court finds that it lacks personal jurisdiction over Defendant, it does not reach that argument.

guarantee.'"[2] (Compl. ¶ 2.) In 1995 and 1997, Plaintiff "issued shares of GE stock to its former employee, John Osborne, in certificate form." (*Id.* ¶ 3.) In "November and December of 1999," Plaintiff "received a request to transfer the Osborne [c]ertificates on the basis of the certificates purportedly being endorsed by the signature of John Osborne." (*Id.* ¶ 4.) Because Defendant "provided medallion signature guarantees for the 1999 requests to transfer the Osborne [c]ertificates," Plaintiff "approved the transfer" of the certificates. (*Id.* ¶ 6.) However, Mr. Osborne later "reported to GE that he neither requested nor authorized the 1999 transfers," and he therefore sought reissuance of his shares from GE. (*Id.* ¶¶ 8–9.)

Thereafter, Mr. Osborne sued GE in Connecticut Superior Court for wrongful transfer of his certificates and was awarded damages in the amount of $120,000. (*Id.* ¶¶ 11–12.) Plaintiff seeks indemnification for those damages and costs associated with defending against the Osborne action. (*Id.* ¶ 15.)

---

[2] A "medallion signature guarantee" "is an industry accepted guarantee intended to convey that the customer signature is authentic." *In re Hill*, 495 B.R. 646, 663 (Bankr. D.N.J. 2013).

II.     **Discussion**[3]

"To determine personal jurisdiction over a non-domiciliary in a case involving a federal question, the Court must engage in a two-step analysis." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010). First, the Court applies "the forum state's long-arm statute." *Id.* "If the long-arm statute permits personal jurisdiction, the second step is to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution." *Id.* at 164.

Connecticut's long-arm statute provides that:

> Every foreign corporation which transacts business in this state in violation of section 33-920[4] shall be subject to suit in this state upon any cause of action arising out of such business.

Conn. Gen. Stat. § 33-929 (e). In addition:

> Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state . . . , on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state . . . if the corporation has repeatedly so solicited business . . . ; (3) out of the production, manufacture or distribution of goods by such

---

[3] "'On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant.'" *Quinn v. Fishkin*, 117 F. Supp. 3d 134, 138 (D. Conn. 2015) (quoting *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566–67 (2d Cir. 1996)). In order to survive such a motion, the "plaintiff must make a prima facie showing that jurisdiction exists." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013) (internal quotation marks omitted). "In evaluating whether the requisite showing has been made, [courts] construe the pleadings and any supporting materials in the light most favorable to the plaintiff[]." *Id.*

[4] Section 33-920 provides that "[a] foreign corporation, other than an insurance, surety or indemnity company, may not transact business in this state until it obtains a certificate of authority from the Secretary of the State." Conn. Gen. Stat. Ann. § 33-920(a).

corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed . . . ; or (4) out of tortious conduct in this state . . . .

*Id.* § 33-929(f).

Plaintiff GE has not alleged that Defendant transacts business in Connecticut in violation of § 33-920, nor any facts from which such a conclusion could be drawn. Section 33-929(e) does not, therefore, permit the exercise of personal jurisdiction over Defendant. Plaintiff fares no better under § 33-929(f), as it has not alleged: any contract made by Defendant in Connecticut or to be performed in Connecticut; any business solicited by Defendant in Connecticut; any production, manufacture, or distribution of goods by Defendant; or any tortious conduct by Defendant in Connecticut. Indeed, the only mention of Connecticut in the entirety of the complaint is an assertion that Plaintiff's principal place of business is in Fairfield, Connecticut. (Compl. ¶ 1.) As such, Plaintiff has failed to set forth sufficient allegations from which the Court can conclude that it has personal jurisdiction over Defendant.

### III.  Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Oral argument currently scheduled for September 14, 2016 is canceled. The Clerk is requested to close this case.

IT IS SO ORDERED.

　　　/s/　　　　　　　　　
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 19th day of July 2016.